D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

UNITED STATES OF AMERICA,

                        Plaintiff,                             **MEMORANDUM & ORDER**

                                                                       **09-CR-399 (NGG)**

      -against-

ABDEL KHALEK LAZREG,

                        Defendant.
------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Abdel Khalek Lazreg's motion to expunge his conviction in this matter from his criminal record. (Mot. to Alter J. (Dkt. 43).) For the following reasons, the court DISMISSES Defendant's motion for lack of subject matter jurisdiction.

## I.    BACKGROUND

On December 1, 2009, Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii)(II). (See Official Tr. of Plea Proceedings (Dkt. 39).) On June 14, 2012, the court sentenced him to time served. (See Min. Entry for Sentencing Proceedings (Dkt. 34).) The court also imposed three years of supervised release and a $100 special assessment. (See id.)

On July 14, 2016, Defendant moved to expunge the record of his 2009 conviction on equitable grounds, explaining that his criminal conviction "has had a clear adverse impact on his ability to work and live in the United States." (Mot. to Alter J., Att'y Decl. at 12.)[1] Defendant

---

[1] Defendant filed several documents together under Docket Number 43. In the interest of clarity, the court's citations will include both the name of the document to be referenced as well as the relevant page or paragraph number within that document.

1

argues that although he would otherwise be eligible to obtain Lawful Permanent Residency in the United States through his Form I-360, Violence against Women Act Petition, he is ineligible to adjust his immigration status and re-register for Lawful Permanent Residency due to his 2009 conviction. (See id.) Defendant further maintains that but for his criminal record, he would be separately eligible for Lawful Permanent Residency through his fiancée petitioning for him through Form I-130. (See id.) Defendant asserts that he has been unable to obtain work authorization in the United States because he is unable to obtain Lawful Permanent Residency. (See id.) He is separately facing deportation in removal proceedings on account of his conviction. (See id. at 17.) Defendant maintains that he "has not engaged in any criminal activity since his conviction." (Id. at 12.)

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). However, the doctrine of ancillary jurisdiction "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." Id. at 378. In Kokkonen, the Supreme Court limited ancillary jurisdiction of collateral proceedings to instances where it is necessary "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. at 379-80 (internal citations omitted).

Defendant urges the court to exercise jurisdiction over his motion to expunge his criminal record. (See Mot. to Alter J., Att'y Decl. at 4.) He maintains that the court has ancillary jurisdiction over his motion and should exercise jurisdiction for equitable reasons, namely in order to rectify the collateral employment consequences that Defendant faces due to his 2009

2

conviction. (See id. at 4-9.) In support of his position, Defendant relies chiefly upon Doe v. United States, 110 F. Supp. 3d 448 (E.D.N.Y. 2015), in which Judge Gleeson of this court exercised ancillary jurisdiction to consider a request for expungement based on equitable considerations. (See Mot. to Alter J., Att'y Decl. at 4-9.) Since July 14, 2016, the date on which Defendant submitted his motion to expunge, however, the Second Circuit has overruled Doe and has explicitly held that district courts do not have jurisdiction to expunge records of valid criminal convictions based on equitable concerns, except in limited circumstances authorized by Congress.[2] See Doe v. United States, No. 15-1967-CR, 2016 WL 4245425, at *5 (2d Cir. Aug. 11, 2016).

While the Second Circuit acknowledged that the boundaries of ancillary jurisdiction are "not easily defined," it emphasized that "'[a]t its heart, ancillary jurisdiction is aimed at enabling a court to administer justice within the scope of its jurisdiction.'" Id. (quoting Garcia v. Teitler, 443 F.3d 202, 208 (2d Cir. 2006) (emphasis added)). The court first clarified that United States v. Schnitzer, 567 F. 2d 536 (2d Cir. 1977), which held that a court may exercise ancillary jurisdiction to issue protective orders regarding dissemination of arrest warrants, "is confined to the expungement of arrest records following a district court's order of dismissal" and does not extend to expungement of records of a valid conviction. Id. at *3. The Second Circuit went on to hold that neither of the two bases of ancillary jurisdiction recognized in Kokkonen authorizes courts to expunge a valid criminal conviction on equitable grounds. See id. at *4.

---

[2] See 18 U.S.C. § 3607(c) (providing that courts shall order expungement of a criminal conviction upon the application of certain drug offenders who have been placed on prejudgment probation and were less than twenty-one years old at the time of the offense); cf. 18 U.S.C. § 5021(b) (repealed 1984) (providing that after a youth offender has been placed on probation by the court, a district court may, "in its discretion, unconditionally discharge such youth offender from probation . . . which discharge shall automatically set aside the conviction").

With respect to the first prong of Kokkonen, the court rejected Doe's argument that the district court's "supervision of her criminal proceedings (including her sentence) and its subsequent handling of her motion to expunge her conviction on equitable grounds" were "factually interdependent." Id. (citing Kokkonen, 511 U.S. at 379). The court explained that motions to expunge records of a valid conviction on equitable grounds will "ordinarily be premised on events that are unrelated to the sentencing and that transpired long after the conviction itself." Id. The court noted, for example, that the lower court had granted Doe's motion to expunge her criminal record "based on facts and events (her repeated efforts to obtain employment) that transpired years <u>after</u> her sentencing and term of probation." Id.

With regard to the second prong of Kokkonen, the Second Circuit found that where a criminal case has long since concluded, as was the case in Doe, "expunging a record of conviction on equitable grounds is entirely unnecessary to 'manage [a court's] proceedings, vindicate its authority, [or] effectuate its decrees.'" Id. (quoting Kokkonen, 511 U.S. at 380). "'Expungement of a criminal record solely on equitable grounds, such as to reward a defendant's rehabilitation and commendable post-conviction conduct, does not serve any of th[e] goals' identified in Kokkonen's second prong." Id. (quoting United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000)).

Here, Defendant seeks to expunge records of his valid criminal conviction where the underlying criminal case concluded over four years ago, when he was sentenced based on his guilty plea entered nearly seven years ago. (See Min. Entry for Sentencing Proceedings; Official Tr. of Plea Proceedings.) Defendant sets forth certain equitable reasons, such as his employment and immigration difficulties, as to why the court should expunge his record (see Mot. to Alter J., Att'y Decl. at 12-14), but the court is bound by the Second Circuit's determination that district

courts lack ancillary jurisdiction to consider expungement motions made solely on equitable grounds. See Doe, 2016 WL 4245425, at *5.

## III. CONCLUSION

For the reasons stated above, Defendant's motion for expungement of his criminal record is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction. Defendant has alternatively requested that the court allow him to re-plea to a lesser offense. (See Mot. to Alter J., Att'y Decl. at 19.) Defendant may move separately for such relief if re-pleading may be supported on other grounds.

SO ORDERED.

Dated: Brooklyn, New York
September 13, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge